THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY M. NOLAN, Y24615, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:25-cv-01136-GCS ) |
| ANTHONY WILLS, TARA CHARDDERTON, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Anthony M. Nolan, an inmate of the Illinois Department of Corrections ("IDOC") who is currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Nolan faults Wills for conditions of his confinement, and he faults Chardderton for inadequate medical care. Nolan's initial complaint was dismissed for failure to plead a sufficient claim (Doc. 12), and he has now filed a timely amended complaint. (Doc. 13, 14).

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to resolve Nolan's motions and to screen his Complaint due to his consent to the full jurisdiction of a magistrate judge (Doc. 8) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the IDOC, Wexford, and the Court.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE AMENDED COMPLAINT

Nolan alleges that he was transferred to Menard on October 4, 2024, and upon arrival he went about two weeks without sheets, blankets, toilet paper, toothpaste, or cleaning supplies. (Doc. 14, p. 6). He further alleges the toilet was leaking, there was black mold on his toilet and in a corner of the cell, and the showers on the gallery were moldy. Nolan is an asthmatic, and he alleges the black mold irritates his breathing. He wrote Warden Wills about the issue but has not received a response or any remediation of the conditions. (Doc. 1, p. 6-7).

As for Defendant Chardderton, Nolan alleges that he has written her about a lump in his stomach and severe pain, but he has not received satisfactory treatment. (Doc. 14, p. 6-7). He alleges that he has seen blood in his urine, his urine is dark in color, and the only treatment he has received is Tylenol, which has not helped. He further alleges that he cannot sleep due to the pain from the lump, and he has trouble keeping food down, sometimes going 4-5 days without eating. He alleges he has written Defendant Chardderton with a detailed description of his pain and the lump, but he has not received care. He is concerned that the lump may be a hernia and that it could rupture and cause permanent damage without treatment. (Doc. 14, p. 7).

In support, Plaintiff submitted various documentation, including several documents about disciplinary proceedings (that do not appear relevant to his allegations in this complaint), letters to attorneys, and letters to the Court. In one letter, Plaintiff explains that he is now vomiting blood, and the lump is causing extreme pain. (Doc. 14, p. 24). In addition to the exhibits attached directly to the amended complaint, Nolan also submitted "affidavits," which contain redundant factual allegations about his conditions and medical condition. (Doc. 15, 18).

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Defendant Wills concerning his conditions of confinement at Menard from October of 2024-September of 2025;**

**Count 2:** **Eighth Amendment deliberate indifference claim against Defendant Chardderton for failing to address Plaintiff's medical needs from October of 2024-September of 2025.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

---

[2]   *See, e.g.*, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

As a preliminary matter, the Court notes that Nolan submitted two amended complaints. (Doc. 13, 14). Both appear to contain the same factual narrative, but the second version had a few additional pages of exhibits, so the Court reviewed the second version (Doc. 14). To the extent that Nolan submitted additional letters (Doc. 15, 18), the Court briefly reviewed the contents but did not read the letters as adding additional factual allegations to the complaint itself. As the Court explained in its earlier Order, piecemeal amendments are not appropriate (Doc. 12), so if Nolan wishes to expand the factual basis for his claims, he will need to submit a future amended complaint that contains all facts in his own narrative section, rather than as individual exhibits.

To establish a conditions of confinement claim, an inmate must establish (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 824 (1994)). Conditions may be considered collectively when analyzing a conditions of confinement claim, and the duration of the allegedly harmful conditions is relevant to the existence of an Eighth Amendment violation. *Id.* Many of these conditions standing alone are not sufficient to give rise to an Eighth Amendment conditions of confinement claim, but they must also be considered collectively. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *See Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

As with the original complaint, Nolan again faults Defendant Wills for black mold in his cell and in communal showers. He also complains that for two weeks he lacked bedding and hygiene supplies. He says the mold causes trouble breathing but does not attribute any harm to the brief lack of supplies. Because Nolan has not associated the two-week lack of supplies with a harm, he cannot proceed on that portion of his amended complaint. As for the mold, he now alleges that it is "bothering [his] breathing" and that he has contacted Wills about the issue to no avail. (Doc. 14, p. 6). The Court still finds these allegations insufficient to sustain a conditions claim because Nolan does not describe a distinct change in his health in relation to the mold, nor does he specifically explain if he complained to Wills only about the presence of mold or also about the asthma implications. Although Courts have allowed conditions claims to proceed related to black mold and extensive health impacts[3], the Court is not yet persuaded that Nolan experienced extensive impacts that were worse than his typical problems associated with asthma[4]. Therefore, Claim 1 will again be dismissed without prejudice as insufficiently pled.

---

[3] *See, e.g.*, *Board v. Farnham*, 394 F.3d 469, 486 (7th Cir. 2005) (noting there is no question that exposing inmates to a ventilation system contaminated with black mold is contrary to the Eighth Amendment); *Johnson v. Coffee*, No. 1:19-cv-03313-SEB-TAB, 2021 WL 1814927, at *4-5 (S.D. Ind. May 5, 2021) (allowing an Eighth Amendment claim about black mold that allegedly caused migraines, shortness of breath, sinus infections, and wheezing to proceed to trial). *But see Hogan v. Vanihel*, No. 2:22-cv-00294-JMS-MJD, 2024 WL 3988984, at *4-5 (S.D. Ind. Aug. 29, 2024) (granting summary judgment to defendants concerning alleged black mold exposure that caused headaches, difficulty breathing, nose bleeds, and high blood pressure).

[4] *See, e.g.*, *Simmons v. Heeg*, Cause No.: 3:25-CV-58-TLS-AZ, 2025 WL 856757, at *2 (N.D. Ind. Mar. 19, 2025) (finding that black mold typically does not cause serious illness,

Under the Eighth Amendment, inmates are entitled to adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the first step of the analysis, a serious medical condition "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Some of the indications of a serious medical condition include whether if untreated it could result in "further significant injury or unnecessary and wanton infliction of pain," it "significantly affects an individual's daily activities," or it features "chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (cleaned up). At the second step, to determine if a medical professional acted with deliberate indifference, courts look to the provider's subjective state of mind. *See Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An inmate need not show that a doctor explicitly intended harm or believed it would occur, but he must show more than negligence, medical malpractice, or even objective recklessness. *Id.* Deliberate indifference is a culpability standard akin to criminal recklessness. *See Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Nolan's allegations against Chardderton are now sufficient to proceed on Claim 2 with regards to his need for treatment for a lump in his stomach. Nolan alleges that he

---

though it could aggravate asthma, and finding at initial review that an inmate had not sufficiently linked the conditions to his headaches and stomach aches).

has been seeking care for the lump for many months, that he has only received Tylenol which has been ineffective, and that his symptoms are now making it difficult for him to eat for days at a time. Allegations in a letter he attached directly to the amended complaint suggest that in recent months he has been vomiting blood, and the complaint explains he has been unable to eat for 4-5 days in a row and has trouble sleeping. These issues are all suggestive of a serious medical need. Nolan alleges he has relayed his problems to Chardderton in detailed written correspondence, but he is not receiving care. Claim 2 may proceed as pled.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 2** of the Amended Complaint (Doc. 14) survives initial screening as described above against Tara Chardderton. By contrast, **Claim 1** against Anthony Wills is insufficient to state a claim, and the Clerk of Court is **DIRECTED** to **TERMINATE** Wills.

The Clerk of Court is **DIRECTED** to prepare for Defendant Tara Chardderton: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 14), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. *See* FED. R. CIV. PROC. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: November 6, 2025.**

Digitally signed by Judge Sison
Date: 2025.11.06
14:04:35 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.